**ALD-214**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3146
_____

RAHEEM TAYLOR,
                                                    Appellant

v.

GEORGE HAYMAN, COMMISSIONER;
DONALD MEE, ADMINISTRATOR;
ELLEN ALCHEVSKY, BUSINESS MANAGER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-04763)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed: July 6, 2011)
_____

OPINION
_____

PER CURIAM

Raheem Taylor appeals the District Court's order dismissing his mandamus

petition for lack of jurisdiction.  For the reasons below, we will summarily affirm the

District Court order.

Taylor filed a petition for a writ of mandamus in the District Court for the District of New Jersey. He requested an order directing state prison officials to return funds deducted from his account. The District Court determined that it lacked jurisdiction over the petition, and Taylor filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. The District Court was correct that it lacked jurisdiction over Taylor's mandamus petition. District Courts have jurisdiction over a mandamus action to compel an employee of the United States or its agencies to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. Here, Taylor requested an order compelling state officials to perform a duty. This does not fall within 28 U.S.C. § 1361.

On appeal, Taylor argues that the District Court should have converted his mandamus petition into another form of action over which it would have had jurisdiction. However, a civil action requires a filing fee. 28 U.S.C. § 1914. Because Taylor requested the return of only $10 in his petition, the District Court did not err in not converting Taylor's mandamus action into an action pursuant to 42 U.S.C. § 1983 which would have required a $350 filing fee.

We note that it appears from the orders entered by the District Court and the account statements Taylor has provided that Taylor paid the filing fees for the civil action of Taylor v. Cole, D.N.J. Civ. No. 06-cv-6016, in full as of October 26, 2007. Thus, any subsequent deductions would be unnecessary and to the extent any such deductions were made from Taylor's account, it would appear appropriate that the funds be returned or put towards Taylor's other obligations. While we suggest that the prison officials look into

2

the matter, we cannot order them to do so through a mandamus action under § 1361.

For the reasons above, we will summarily affirm the District Court's order.